UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SYLVESTER BOSTON JR.,

        Defendant.

Case No. 14-20383

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA [321]**

Defendant Sylvester Boston Jr. ("Boston Jr.") made his first appearance in this case on July 11, 2014. On July 10, 2017, after three years of delay by the defendants, Boston Jr. finally pled guilty to Count One of the Third Superseding Indictment (one day before trial). Now, over four months later, Boston Jr. requests that he be allowed to withdraw from his guilty plea. Boston Jr. raises a host of claims regarding one of his two attorneys: that the attorney was ineffective; provided him with bad advice; and "aggressively forced" him to plead guilty. (Dkt. 321.) Because Boston Jr. is wrong as a matter of both fact and law and because he offers no "fair and just reason" for withdrawal, his *pro se* motion is denied.

I.    **Legal Standard**

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting withdrawal." *Id*. A defendant has no right to withdraw his guilty plea. *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012). The purpose of the rule is "to allow a

hastily entered plea made with unsure heart and confused mind to be undone, not to allow

a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain

a withdrawal if he believes he made a bad choice in pleading guilty." *United States v.*

*Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quotation and citation omitted); *United*

*States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994); *United States v. Dixon*, 479 F.3d

431, 436 (6th Cir. 2007). "Withdrawal of a plea is appropriate where there is a real

confusion or misunderstanding of the terms of the agreement." *United States v. Ellis,* 470

F.3d 275, 281 (6th Cir. 2006).

The Sixth Circuit has set out seven non-exhaustive factors to consider in deciding

a motion to withdraw a guilty plea:

1) the amount of time that elapsed between the plea and the motion to
withdraw it;

2) the presence (or absence) of a valid reason for the failure to move for
withdrawal earlier in the proceedings;

3) whether the defendant has asserted or maintained his innocence;

4) the circumstances underlying the entry of the guilty plea;

5) the defendant's nature and background;

6) the degree to which the defendant has had prior experience with the
criminal justice system; and

7) potential prejudice to the government if the motion to withdraw is
granted.

*Bashara*, 27 F.3d at 1181; *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998).

Motions to withdraw a guilty plea are (and should be) rarely granted—that is the

standard in the Sixth Circuit. *United States v. Blander,* __ Fed. App'x __, 2017 WL

4964441, at *7 (6th Cir. Nov. 1, 2017). The Sixth Circuit has cautioned: "[w]hen a defendant

has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea *should seldom arise.*" *Ellis,* 470 F.3d at 280 (emphasis added). "The 'withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice.' " *Id.* (quoting *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993)).

**II.     Analysis**

1. Boston Jr. Waited Over Four Months To File His Motion

Boston Jr. pled guilty on July 10, 2017. He filed his motion to withdraw his guilty plea on November 29, 2017, over four-and-a-half months (142 days) later. This delay weighs heavily against withdrawal. *See, e.g. United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) ("unjustified 75-delay, alone, supported the court's denial of a motion to withdraw"); *Ellis,* 470 F.3d at 281 (6th Cir. 2006) (six month delay weighs heavily against allowing withdrawal); *United States v. Martin*, 668 F.3d at 795 ("Martin waited ninety-five days before attempting to withdrawal his plea. We have consistently found shorter periods to be excessive"); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) ("The strongest factor supporting the district court's denial of Durham's motion is the length of time between Durham's plea and the filing of his motion to withdraw. Durham waited approximately seventy-seven days to file his motion after entering his guilty plea."); *United States v. Baez,* 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir.1988) (fifty-five day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir.1987) (five week delay).

2. Boston Jr. Offers No Valid Reason For Failure To Move Earlier

Boston Jr. offers no valid reason for his failure to move earlier in the proceedings. Boston Jr., in fact, offers no reason at all for failing to move earlier. Instead, he simply claims that one of his two attorneys was ineffective, provided him with bad advice and "aggressively" forced him to plead guilty.

Every fact alleged by Boston Jr. was known to him before he pled guilty. Boston Jr. knew that his attorneys would not file certain motions based on their ethical obligations. The grand jury transcripts were provided to Boston Jr. and his attorneys two weeks before trial (on June 29, 2017). Boston Jr. certainly knew whether or not he wanted to plead guilty, what investigative work was done, whether he had seen proof of his involvement in drug sales and gun possession, and whatever position Mr. Burkett communicated regarding his witnesses.

Under such circumstances, the Sixth Circuit has had little trouble denying motions to withdrawal guilty pleas. For example, in *United States v. Carpenter*, 554 F. App'x 477 (6th Cir. Feb 12, 2014), the defendant alleged that his attorney misled and coerced him into pleading guilty based on information he knew before he pled guilty. The Court held that: "even a short delay is damaging to a defendant when he knew at the time of his plea hearing the grounds upon which he could seek to withdraw his plea." *Id.* at 481. Indeed, the fact that Boston Jr. was surreptitiously recording phone conversations with Mr. Burkett (or at least portions of them) before he pleaded guilty reveals that now, 4 ½ months later (shortly before his scheduled sentencing) Boston Jr. is engaging in "precisely the kind of 'tactical decision[s]' and reconsideration the case law forbids." *United States v. Blander*, __ F. App'x __, 2017 WL 4964441, at *5 (6th Cir. Nov. 1, 2017) (citing *Ellis*, 470 F.3d at

280-81); *see also Ellis,* 470 F.3d at 281 (explaining that the longer the delay, "the reasons for filing such a motion will be more closely scrutinized).

Boston Jr.'s claim of aggressive coercion also rings hollow. Mr. Burkett is respectful to Mr. Boston Jr. on the truncated phone call (even commenting that Boston Jr. finally decided to call him back).  Mr. Burkett never says or communicates that Boston Jr. must plead guilty. And, during Boston Jr.'s plea hearing (the next day) he acknowledged that he was satisfied with the advice and service given by Mr. Burkett (the same attorney he was secretly recording) and that no one had coerced him to plead guilty. *(See* Plea Tr., Dkt. 324, Page ID 1361, 1370.)  Like the defendant in *Carpenter*, Boston Jr.'s claims of coercion are "suspect" where they were not raised for over four months, where Boston Jr. had a second attorney, where Boston Jr. was already secretly recording phone calls prior to his guilty plea, and where Boston Jr. had little trouble raising concerns on prior occasions. *Carpenter*, 554 F. App'x 477, 482 (6th Cir. Feb, 12, 2014).

The timing of Boston Jr.'s claim of coercion is further belied by the fact that he did not complain until *after* the Probation Department issued its PSR on October 17, 2017 rejecting all of his guideline arguments and *after* his father (who is arguably *less* culpable than Boston Jr.) was sentenced, on August 23, 2017, to eight years in prison. *See, e.g.*, *Carpenter*, 554 F. App'x at 482 (timing of complaint, after a PSR was issued that recommended against a sentencing adjustment, suggests that the defendant was disappointed with the recommended sentencing range and chose, as a strategic matter, to attempt to withdraw his guilty plea and take his chance at trial); *United States v. Stevenson*, 659 F. App'x 221, 225 (6th Cir. Aug. 10, 2016) (timing of motion to withdraw,

5

after the release of the PSR, which calculated a life guideline, undermines the defendant's claim); *United States v. Poole*, 2 F. App'x 433, 438 (6th Cir. Jan. 27, 2001) (finding the district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea in part "because courts more closely scrutinize motions to withdraw guilty pleas which follow significant delays and potential review of presentence reports").

The strategic timing of Boston Jr.'s motion becomes even more suspicious considering that Boston Jr.'s motion never states how his purported "witnesses" would help him defend against the controlled substance conspiracy.

Boston Jr.'s claim that he had difficulty communicating with his attorneys after he pled guilty, is no excuse (even if somehow true) for an over four-month delay.  The record shows that Boston Jr. knew how to file motions *pro se. United States v. Turner*, 624 F. App'x 331, 336 (6th Cir. Aug. 4, 2015); *(see also* Dkt. 289 and 287,)(pre-plea *pro se* motion and letter filed by Boston Jr.); *see also Martin*, 668 F.3d at 795 ("A lack of communication with counsel alone, however, is insufficient justification for a delay, particularly when defense counsel was unaware of the *pro se* efforts of his client to withdraw his plea.")

In the end, Boston Jr. offers no explanation for waiting over 4 ½ months to file his motion to withdraw his guilty plea. Boston Jr. did so despite knowing, *before he pled guilty*, all the facts that he now relies upon to justify his tardy withdrawal request. Boston Jr.'s protracted delay, after the case had already been outstanding for three years, after a PSR was issued rejecting his numerous guideline objections (resulting in a substantially higher guideline range that he hoped for), and after his father was sentenced to 8 years in prison, demonstrates that Boston Jr. is behaving strategically. This factor weighs heavily against withdrawal.

3. Whether Boston Jr. Consistently Maintained His Innocence

Third, while it is true that Boston Jr. has alleged, at times, that he was somehow operating S&B Computers as an "herbal goods" company, he has not consistently maintained his innocence throughout the pendency of this litigation. Instead, most of the delays in this case were caused, not by claims of innocence, but instead by delay tactics – firing attorneys who would not file frivolous motions regarding the jurisdiction of the court or the jurisdiction of Homeland Security to investigate the crimes, claims that the government did not have the authority to charge him, and other delay tactics. And, Boston Jr. did knowingly and willingly plead guilty. This factor is, at best, a wash.

4. Boston Jr.'s Guilty Plea Was Knowingly and Voluntarily Made

This case had been pending for three years and Boston Jr. had ample time to consider (and reconsider) the plea offers made by the government. He agreed to plead guilty to a very favorable plea agreement, one that the government also went over with him, in detail, before he pled guilty. Boston Jr. had a proper plea hearing, where he engaged in extensive colloquy, and received proper instruction of his constitutional rights. Boston Jr. further indicated that he benefitted from the assistance of competent counsel, affirmed that he was satisfied with his lawyer's representation, and confirmed that there were no promises apart from what was contained in the agreement and that he had not been coerced to plead guilty. Boston Jr. understood what he was doing when he entered the plea. The circumstances surrounding the entry of the guilty plea, therefore, weigh against granting Boston Jr.'s motion. *Ellis*, 470 F.3d at 285; *Martin*, 668 F.3d at 796.

5. Boston Jr.'s Nature and Background

With respect to defendant's nature and background, Boston Jr. was more than capable of understanding the proceedings against him. *Turner*, 624 F. App'x at 337 (citing *Martin*, 668 F.3d at 796). Boston Jr. is a high school graduate and attended some college. PSR ¶ 59. He has also exhibited an ability and willingness to communicate throughout the proceedings, even communicating his own legal research during at least one hearing/status conference. The record demonstrates that Boston Jr. was more than capable of understanding what he was doing and the ramifications of his guilty plea. The factor weighs against withdrawal.

6. Boston Jr.'s Prior Experience with the Justice System

Boston Jr. has had multiple contacts with law enforcement. *See* PSR ¶¶ 44, 48-50. He has one conviction in which he proceeded to a bench trial and was convicted of carrying a concealed weapon. *Id*. While he had no prior federal convictions, his is certainly not a novice when it comes to the justice system. This factor weighs slightly against withdrawal.

7. Prejudice to the Government

The last factor is the potential prejudice to the government if the motion to withdraw is granted. However, "the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Ellis,* 470 F.3d 275, 286 (6th Cir. 2006) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)). Boston Jr. has not done so.

The government, nonetheless, would be prejudiced. Boston Jr. pled guilty on eve of trial after delaying the proceedings nearly three years. Boston Jr. and his co-defendant,

Nikito Merchant, were the last defendants to plead guilty. The trial was scheduled for several weeks and involved numerous witnesses. Many more months have now passed. The government would be prejudiced, given the length of time and number of witnesses, if it had to restart trial preparation at this juncture for a lengthy and involved trial. *See, e.g*, *Marti*n, 668 F.3d at 797; *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

In summary, while Boston Jr. may have maintained innocence at times and does not have overwhelming experience with the criminal justice system in terms of prior criminal charges, these factors are "not particularly compelling in light of the strength of the factors weighing against withdrawal." *United States v. Culp*, 608 F. App'x 390, 391 (6th Cir. June 23, 2015) (quoting *Martin*, 668 F.3d at 797).

As stated above, the purpose of Rule 11(d) is "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Alexander*, 948 F.2d at 1004. Boston Jr. did not enter his plea hastily; instead, after the case had been pending for three years (and he pleaded guilty knowingly and voluntarily) he now seeks to withdraw 4 ½ months later, just weeks before his then sentencing date, for reasons that were all known prior to the time he pled guilty, after his father was sentenced to 8 years in prison and after the Probation Department rejected all of his guideline arguments (resulting in a significantly higher guideline range than he advocated). Accordingly, the Court denies Boston Jr.'s *pro se* Motion to Withdraw his Guilty Plea.

## III.    Conclusion

9

For the foregoing reasons, Boston Jr's Motion to Withdraw his Guilty Plea is DENIED. The Court will permit Boston Jr's attorney, to withdraw from representing him and will appoint new counsel to represent him at the sentencing hearing, which the Court adjourns to April 12 at 11:00am.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 14, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager