**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SYLVESTER BOSTON JR.,

    Defendant.
_____/

Criminal Case No. 14-20383

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
<u>MOTION FOR COMPASSIONATE RELEASE [389]</u>**

Pending before the Court is Defendant's Motion for Compassionate Release. (ECF No. 389.)[1] Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) the Court resentence him to a sentence of imprisonment of time served, or alternatively, convert the remainder of his sentence to a term of supervised release. Defendant contends he faces a serious risk of severe illness or death as a result of the COVID-19 pandemic and that this constitutes an extraordinary and compelling circumstance justifying compassionate release. The government opposes the requested relief and has filed a response. (ECF No. 403.)[2] The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary. For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

---

[1] Defendant is represented by pro bono counsel in connection with his motion for compassionate release. The Court commends counsel for taking on this pro bono representation, and the Court appreciates counsel's efforts and strong briefing in support of the motion.

[2] Both parties filed motions for leave to file supplemental information. (ECF Nos. 406 & 407.) The motions are hereby **GRANTED.**

1

On July 10, 2017, Defendant pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute Benzylpiperazine ("BZP") in violation of 21 U.S.C. §§ 841 & 846. The criminal charges arose from what the Government describes as Defendant's role in operating a sophisticated ecstasy pill manufacturing and distribution scheme. On April 10, 2018, the Court sentenced Defendant to be imprisoned for a term of 108 months. As the Government observes, Defendant's sentence was approximately five years below the advisory guideline range.

Defendant is currently confined at FCI Loretto. According to the Government, Defendant began serving his sentence on May 22, 2018. He has thus served approximately two and half years of his nine-year sentence. Defendant's projected release date is February 24, 2026.

Defendant is 39 years old. He claims to suffer from a myriad of health conditions including, asthma, diabetes, heart disease, and "kidney complications." The Government disputes Defendant's assessment of his health and disagrees with the severity of Defendant's claimed conditions. To this end, Defendant acknowledges that he has not actually been diagnosed with diabetes, heart disease, or kidney disease. Notwithstanding, Defendant claims that as a result of his health conditions, he is at a high risk of severe illness or death if he is exposed to COVID-19.

On April 29, 2020, Defendant submitted a request to the warden at FCI Loretto for compassionate release. On May 5, 2020, the BOP denied Defendant's request. Defendant contends he therefore properly exhausted his administrative remedies before seeking relief in this Court. The Government disagrees and argues that Defendant's request to the warden did not fully satisfy his duty to exhaust his administrative remedies

2

because the request to the warden provided different reasons than those identified in Defendant's motion.

Notwithstanding, Defendant now moves for compassionate release in this Court. The motion has been fully briefed and is ripe for consideration.

**II.     ANALYSIS**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus in order to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence or compassionate release.  In addition to this showing, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant claims he properly exhausted his administrative remedies and that his medical conditions in the wake of the COVID-19 pandemic constitute

extraordinary and compelling circumstances warranting compassionate release under § 3582(c). The Government responds that Defendant did not properly exhaust his administrative remedies and that his health conditions do not entitle him to compassionate release. The Government also argues that Defendant is not entitled to release under § 3582(c) because he poses a continued danger to the community and the sentencing factors described in 18 U.S.C. § 3553(a) do not warrant his release.

Having considered the record in its entirety, the Court agrees the with Government that Defendant has failed to demonstrate that he is entitled to compassionate release at this time. Specifically, the Court finds that consideration of the factors set forth in 18 U.S.C. § 3553(a) weigh against granting the requested relief.[3] The nature and circumstances of Defendant's offenses are serious, and that one factor weighs against granting compassionate release under the circumstances presented here. *See* § 3553(a)(1). Moreover, the Court finds that releasing Defendant to home confinement at this point, with significant time remaining on his sentence and under these circumstances would not be consistent with the other § 3553(a) factors. The Court finds that the statutory goal of imposing punishment would not be satisfied by releasing Defendant to home confinement at this point. And the Government's argument concerning the continued danger Defendant poses to the community in light of the nature and circumstances of his

---

[3] Because the Court finds that consideration of the § 3553(a) factors is dispositive of Defendant's motion, the Court will assume that Defendant sufficiently exhausted his administrative remedies before seeking relief in this Court. The Court will also not address whether Defendant's health conditions in the wake of the COVID-19 pandemic constitute an extraordinary and compelling circumstance. However, based on the record before the Court, Defendant does not appear to be at a higher risk of contracting the virus than any other inmate at FCI Loretto, and he has not clearly established that he is in the category of individuals that the CDC has deemed to have the highest risk of suffering severe complications from COVID-19.

criminal conduct is compelling. Thus granting the requested relief would be inconsistent with and not supported by the § 3553(a) factors.

### III. CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED.**

    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated: November 5, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 5, 2020, by electronic and/or ordinary mail.

    s/Lisa Bartlett
    Case Manager