UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SYLVESTER BOSTON, JR. (D-2),

    Defendant.

_____/

Case No. 14-20383

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION [423]**

The Court entered an order denying Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on November 5, 2020.  (ECF No. 418.)  On December 28, 2020, Defendant filed the motion before the Court seeking reconsideration of that order.[1]  (ECF No. 423.)  And on February 1, 2021, Defendant filed a "motion for appeal," which was construed and docketed as a notice of appeal to the Sixth Circuit Court of Appeals.  (ECF No. 424.)

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."  *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citation omitted); *see also United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019).  Thus, due to the pending appeal, the Court does not have jurisdiction to grant Defendant's request for compassionate release at this time.  Under Federal Rule of

---

[1] Defendant was represented by pro bono counsel in his motion for compassionate release.  He brings this motion for reconsideration pro se.

1

Criminal Procedure 37(a), however, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Court will therefore consider Defendant's motion to decide which course of action it will take under Rule 37(a).

The Court first notes that Defendant's motion for reconsideration is untimely. *See* E.D. Mich. L.R. 7.1(h)(1) (allowing a party to file a motion for reconsideration within fourteen days after a court issues an order to which the party objects). Even if this untimeliness may be excused, however, the Court would not reconsider its denial of Defendant's motion for compassionate release. In its order, the Court found that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against granting Defendant compassionate release. *See* § 3582(c)(1)(A). In particular, the Court noted that Defendant's underlying offense is serious and a sentence reduction would not be consistent with the goals of providing just punishment and protection of the public.

Defendant now states he contracted COVID-19 on November 21, 2020 and is still experiencing symptoms, such as breathing problems and fatigue.[2] While unfortunate, however, this does not tip the weighing of the relevant factors in favor of release. As the Court noted in its previous order, Defendant has not established he is in the category of individuals that the Centers for Disease Control and Prevention has

---

[2] Defendant has not submitted any documentary evidence substantiating this claim.

found face an increased risk of severe illness from the virus. And there is no evidence before the Court indicating that Defendant is not receiving the medical care he needs.

Defendant also makes an argument regarding allegedly false testimony presented to the grand jury. Defendant did not raise this issue in his original motion for compassionate release and thus the Court need not address it now. *See Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that parties should not use motions for reconsideration "to raise arguments which could, and should, have been made before" the ruling issued). And when Defendant made this argument in other contexts, the Court considered and rejected it—twice. (*See* ECF No. 347, PgID 1738; ECF No. 421, PgID 3500.) Moreover, this issue has no bearing on any of the sentencing factors. Defendant improperly repeats his prior attacks on the validity of the indictment underlying his conviction here.

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: February 16, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2021, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager