UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,              Case No. 14-20383

v.                                    Honorable Nancy G. Edmunds

SYLVESTER BOSTON, JR., D-2,

        Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO REOPEN THE TIME TO FILE AN APPEAL [448] BUT DENYING DEFENDANT'S REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL [451]**

On April 25, 2019, Defendant Sylvester Boston, Jr. filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 374, 378, 385.) That motion was denied by opinion and order of this Court dated January 12, 2021. (ECF No. 421.) Because Defendant failed to show that reasonable jurists could debate whether his petition should have been resolved in a different manner, the Court also denied him a certificate of appealability. (ECF No. 421, PageID.3505-06 citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).) Presently before the Court is Defendant's motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). (ECF No. 448, PageID.3682-92.) Defendant also filed a separate request to proceed in forma pauperis in each of his two pending appeals. (ECF No. 451.) The Government does not oppose Defendant's Rule 4(a)(6) motion as it appears the Court's order and judgment denying Defendant's § 2255 was inadvertently served on Defendant's father, Sylvester Boston Sr., rather than Defendant, Sylvester Boston Jr. (ECF No. 452, PageID.3703.) The Government did not respond to Defendant's request for in forma pauperis status. For the

1

reasons that follow, Defendant's Rule 4(a)(6) motion is GRANTED and his request to proceed in forma pauperis on appeal is DENIED.

## I. Motion To Reopen The Time To File An Appeal

Rule 11(b) of the Rules Governing § 2255 Proceedings provides that the time for appealing the denial of a § 2255 motion is governed by Federal Rule of Appellate Procedure 4(a). Thus, a defendant's notice of appeal from the denial of his § 2255 motion must be filed within 60 days after the entry of judgment. Fed. R. App. P. 4(a)(1)(B); *accord* 28 U.S.C. § 2107(b); *Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013). Compliance with that time period is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007). So is compliance with the requirements in Rule 4(a)(6) whenever a party asks the Court to reopen the time for an appeal. *Bowles*, 551 U.S. at 213; 28 U.S.C. § 2107(c).

Rule 4(a)(6) permits the Court to reopen the time for appeal if three requirements are met. First, the Court must find that Defendant did not receive timely service of the § 2255 judgment under Federal Rule of Civil Procedure 77(d). Fed. R. App. P. 4(a)(6)(A). Second, Defendant must have filed his motion to reopen before the earlier of "180 days after the [§ 2255 judgment was] entered" or "within 14 days after [receiving] notice under Federal Rule of Civil Procedure 77(d) of the entry." Fed. R. App. P. 4(a)(6)(B). Third, the Court must find that the government would not be prejudiced by the delay. Fed. R. App. P. 4(a)(6)(C). Defendant has satisfied these requirements.

Although the docket in this case reflects that the order denying Defendant's § 2255 and accompanying judgment were mailed to Defendant on February 16, 2021, these documents appear to have been inadvertently mailed to the facility where Defendant's

father was incarcerated, FCI Morgantown. Thus, there is no record that Defendant, who at the time was incarcerated at FCI Loretto, was served with a copy of this Court's order and judgment as required under Rule 77(d). Defendant has therefore satisfied the first requirement for reopening his time to appeal. *See* Fed. R. App. P. 4(A)(6)(A).

Defendant also satisfies the second requirement as he moved to reopen his time to appeal within 180 days after the § 2255 judgment was entered. *See* Fed. R. App. P. 4(A)(6)(B). Although Defendant's most recent motion was filed too late, one of his previous filings contained a similar request. (ECF No. 445, PageID.3677.) "[D]istrict courts must liberally construe a document that could reasonably be interpreted as a motion for an extension of time to file a notice of appeal or a motion to reopen the time to file an appeal." *Young v. Kenney*, 949 F.3d 995, 997 (6th Cir. 2020) (citing *Hall v. Tenn. Dep't of Corr. Main Hosp.*, 811 F.2d 605 (6th Cir. 1986)). Because Defendant's previous filing "effectively reads" as a motion to reopen his appeal time, it should "be treated as such." *Id.* And because that document was filed on July 6, 2021, it fell within 180 days of the entry of Defendant's § 2255 judgment on January 12, 2021.

Additionally, and with no objection from the Government, the Court finds Defendant satisfies the third requirement, that the Government would not be prejudiced by the delay. (*See* ECF No. 452, PageID.3704.) The only practical effect of reopening Defendant's appeal time is that the Sixth Circuit will decide whether to grant him a certificate of appealability after this Court's denial of the same. (*See* ECF No. 421, PageID.3505-06.)

Defendant's motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) is therefore GRANTED.

## II. Request to Proceed In Forma Pauperis on Appeal

Defendant currently has two pending appeals—an appeal of the denial of his § 2255 motion (ECF No. 443; 6th Cir. No. 21-2716) and an appeal of the denial of his second motion for compassionate release (ECF No. 445; 6th Cir. No. 21-2720). Via letter to this Court, Defendant requests permission to proceed in forma pauperis on both of his appeals. (ECF No. 451.)

Under Federal Rule of Appellate Procedure 24(a)(3)(A), a party who was permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Similarly, under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Supreme Court has interpreted "good faith" to mean "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1961). Whether or not an appeal is taken in good faith must be judged by an objective standard. *Id.*

Here, Defendant was previously found qualified for the appointment of counsel under the Criminal Justice Act. (ECF No. 293.) But the Court finds both of Defendant's current appeals to be frivolous. With regard to the appeal of the denial of Defendant's 2255 motion (ECF No. 443; 6th Cir. No. 21-2716), just as the Court concluded that a certificate of appealability should be denied because Defendant had not shown that reasonable jurists could debate whether his petition should have been resolved in a different manner, (ECF No. 421, PageID.3505-06), it finds an appeal cannot be taken in good faith. And with regard to the appeal of the denial of his second motion for

4

compassionate release (ECF No. 445; 6th Cir. No. 21-2720), the Court notes it found Defendant was improperly attempting to relitigate issues already decided, (ECF No. 440). As an appeal cannot be taken in good faith, under § 1915(a)(3), it may not be taken in forma pauperis. Accordingly, Plaintiff's application to proceed in forma pauperis on appeal is DENIED.

### III.  Conclusion

Given the foregoing, Defendant's motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) is GRANTED and his request to proceed in forma pauperis on appeal is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: December 22, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 22, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager